IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GATDET GONY CHUOL,<br><br>                Plaintiff,<br><br>vs.<br><br>SCOTT FRANKES,<br><br>                Defendant. | 4:20CV3062<br><br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff, a state prisoner currently incarcerated at the Lincoln Correctional Center, filed his pro se Complaint on June 6, 2020, and subsequently was granted leave to proceed in forma pauperis. Now that the required initial partial filing fee has been paid, the court conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

      It is alleged that Defendant Scott Frankes, as the director of a government agency,[1] has violated Plaintiff's Eighth and Fourteenth Amendment rights "for not being free of unwant[ed] mental health medication." (Filing 1 at 3.) Plaintiff claims Frankes is liable because he "upheld the us[e] of involuntary medication." (Filing 1 at 4.) Plaintiff alleges the medication has been administered "off and on" since October 2016, when he was a prisoner at the Nebraska State Penitentiary. (Filing 1 at 4-5.) Plaintiff claims the unidentified medication has changed his skin color, caused breakouts, and also created painful bumps behind both ears. He wants the medication stopped and the bumps behind his ears evaluated with an MRI. He also wants $10 million in damages. (Filing 1 at 5.)

---

[1] Scott Frakes (correct spelling) is Director of the Nebraska Department of Correctional Services.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C § 1915(e)(2)(B) requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because Plaintiff's Complaint does not specify that Defendant is being sued in his individual capacity—and, in fact, indicates by a single checkmark that he is being sued in his official capacity (Filing 1 at 2)—the court must presume he is being sued only in his official capacity as Director of the Nebraska Department of Correctional Services. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents.").

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Also, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in section 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under section 1983). However, a state's Eleventh Amendment immunity does not bar a suit

3

against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

In summary, Plaintiff is limited to seeking injunctive relief on any claims alleged in his Complaint. He cannot recover damages from the State of Nebraska. Whether Plaintiff has sufficiently alleged the existence of an ongoing violation of his constitutional rights, which might entitle him to a court order enjoining the involuntary medication or requiring an MRI, will be examined next.

## A. Eighth Amendment

Involuntary medication cases in which Eighth Amendment claims have been raised are relatively scarce, but these claims tend to be analyzed as involving either deliberate indifference to an inmate's serious medical needs or else the application of excessive force.[2] A case within the first category is *Roberson v. Goodman*, 293 F.

---

[2] "The Supreme Court has not directly addressed whether involuntarily medicating an inmate could run afoul of the Eighth Amendment's Cruel and Unusual Punishment clause…. A few courts have attempted to apply the framework of deliberate indifference to claims of involuntarily administered psychotropic medication. These decisions tend to focus on the side effects of the psychotropic medication rather than the justification for their use in the first place…. Other courts have concluded that allegations of involuntary medication ought not be viewed through the lens of the Eighth Amendment at all…. A third group of cases have concluded that involuntary application of psychotropic medication could run afoul of the Eighth Amendment. These cases tend to focus on the motive behind the use of psychotropic medication, and consider whether the prisoner has made a colorable claim that medication was administered for the purpose of causing harm, *i.e.* under the rubric of excessive force rather than deliberate indifference." *Martin v. Kazulkina*, No. 12-CV-14286, 2017 WL 971706, at *13-14 (E.D. Mich. Feb. 21,

Supp. 2d 1075 (D.N.D. 2003), *aff'd*, 114 F. App'x 772 (8th Cir. 2004), in which a state prison inmate brought a § 1983 action against a psychiatrist, alleging that forced administration of Haldol had resulted in memory loss, confusion, migraines, and other side effects. The district court summarized the applicable law as follows:

> It is well-established that the Government is obligated to provide medical care for those who are being punished by incarceration. "The Eighth Amendment scrutinizes the conditions under which prison inmates are confined in order to prevent the inhumane treatment of inmates." *Robinson v. Hager,* 292 F.3d 560, 563 (8th Cir.2002) *citing Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir.1997); *Choate v. Lockhart,* 7 F.3d 1370, 1373 (8th Cir.1993). In a case alleging a deprivation of medical care, an inmate must show that the prison official acted with deliberate indifference to the inmate's serious medical needs. *Camberos v. Branstad,* 73 F.3d 174, 175 (8th Cir.1995).
>
> In order to find a prison official liable for a deliberate indifference claim, an inmate is required to show that 1) there existed a substantial risk of serious harm to the inmate, and 2) that the prison official knew of and disregarded that need. *Robinson v. Hager,* 292 F.3d 560, 564 (8th Cir.2002); *Miller v. Schoenen,* 75 F.3d 1305, 1309 (8th Cir.1996) *citing Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference may be demonstrated by prison doctors who fail to respond to a prisoner's serious medical needs. *Id.* However, it is well-established that mere negligence or medical malpractice are insufficient to rise to an Eighth Amendment violation. *Roberson v. Bradshaw,* 198 F.3d 645 (8th Cir.1999). Thus, a claim of deliberate indifference to an inmate's serious medical needs requires that the plaintiff meet a higher burden of proof than is required in a mere negligence claim.

---

2017 (citing cases), *report and recommendation adopted*, No. 12-CV-14286, 2017 WL 958081 (E.D. Mich. Mar. 13, 2017).

5

*Id.* at 1080. The district court granted summary judgment in favor of the defendant, finding it was undisputed that the plaintiff suffered from a psychotic disorder with prominent paranoia for which he was being treated, and that he had not produced any competent evidence (*i.e.*, expert medical testimony) to show that there existed a substantial risk of serious harm due to side effects. *Id.* at 1080-81. The court also found no evidence of deliberate indifference, stating:

> Even assuming for the sake of argument that [the plaintiff's] psychotic disorder constituted an "objectively serious medical need", *or* that he has suffered or will suffer adverse side effects from the administration of anti-psychotic medications, [he] has also clearly failed to present any evidence that [the defendant] was deliberately indifferent to his medical needs. To satisfy this subjective element, there is a need for a finding of actual knowledge on the part of the defendant. The Eighth Circuit has held that a prison official may be held liable under the Eighth Amendment if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Coleman v. Rahija,* 114 F.3d 778, 785 (8th Cir.1997). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir.1996). It is well-established in the Eighth Circuit that the mere fact that an inmate disagrees with the course of treatment does not, in and of itself, suffice to allege a serious medical need to which prison officials were deliberately indifferent. *See Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir.1994).
>
> [The plaintiff] has wholly failed to produce any evidence to establish knowledge of a serious medical need that poses a substantial risk of serious harm to him *and* actual deliberate indifference to that need on the part of [the defendant].

*Id.* at 1081-82 (emphasis in original).

While the *Roberson* decision turned on a lack of evidentiary support, in the present case there are not sufficient facts alleged in Plaintiff's Complaint to show the existence of either required component of an Eighth Amendment claim based on

6

his medical needs. *See, e.g., Madsen v. United States*, No. C17-5218 RBL-DWC, 2017 WL 1652983, at *3 (W.D. Wash. May 2, 2017) ("Plaintiff has not alleged a single fact to demonstrate any individual acted with the requisite 'culpable state of mind,' nor has he provided sufficient facts regarding the inadequacy of his treatment. Instead, Plaintiff alleges that the treatment was involuntary rather than inadequate. Therefore, Plaintiff's claim is more appropriately analyzed under the Fourteenth Amendment's Due Process Clause."); *Bomprezzi v. Kaprivnikar*, No. 11-CV-03344-REB-MEH, 2012 WL 7763089, at *4 (D. Colo. Aug. 3, 2012) (prisoner's alleged reaction to antipsychotic medication, including anxiety, suicidal thoughts, discouragement, drowsiness, hunger, and sensitivity to noise, was not sufficiently serious to satisfy the objective component of an Eighth Amendment claim), *report and recommendation adopted*, No. 11-CV-03344-REB-MEH, 2013 WL 1124820 (D. Colo. Mar. 18, 2013), *as amended* (Jan. 22, 2014); *Elam v. Hernandez*, No. CV 09-02780-PA DTB, 2011 WL 2785676, at *6 (C.D. Cal. May 5, 2011) ("Plaintiff alleges only that his [psychotropic] treatment was involuntary rather than inadequate. Neither a difference of opinion about the proper course of treatment nor a dispute over the necessity for or extent of medical treatment amounts to deliberate indifference."), *report and recommendation adopted*, No. CV 09-2780-PA DTB, 2011 WL 2838183 (C.D. Cal. July 12, 2011).

When considering excessive force claims, the core judicial inquiry is whether the defendant acted "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)). The facts alleged in Plaintiff's Complaint do not suggest that anyone acted with the requisite intent. Plaintiff merely alleges he was "forced to take medication by medical doctor and other staff" in 2016 after he reported having chest pains and passed out, that he has been medicated "off and on" since that time, and that Defendant has "upheld" the use of the medication.[3] (Filing 1 at 4-5.) Consequently,

---

[3] "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)). "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the

Plaintiff's Complaint fails to state an actionable claim under an "excessive force" theory of recovery. *See, e.g, Chrisco v. Scoleri*, No. 17-CV-00810-MEH, 2019 WL 1254941, at *7-8 (D. Colo. Mar. 19, 2019) ("prisoner's allegations that involuntary administration of medication was done "without justification and with the very intent of causing harm" were conclusory and did not allege that defendant acted "maliciously and sadistically."); *Carter v. Koprivnikar*, No. 15-CV-00435-KLM, 2016 WL 950125, at *3 (D. Colo. Mar. 14, 2016) ("Plaintiff makes no allegation that Defendant acted out of malice in an attempt to cause harm, and instead only alleges that Defendant submitted a report recommending involuntary medication for 'disciplinary purposes' and that, because the report was falsified, such a measure was unwarranted…. Such allegations relate to the appropriateness of the disciplinary action taken and do not implicate the Eighth Amendment.").

Plaintiff's Complaint also does not contain sufficient factual allegations to state a plausible Eighth Amendment for inadequate medical treatment regarding the bumps behind Plaintiff's ears. Grievance forms attached to Plaintiff's Complaint indicate he was evaluated by medical staff in October 2019, but no abnormalities were noted. (Filing 1 at 13-16.) Although Plaintiff thinks the bumps are related to his involuntary medication, and that an MRI is needed to evaluate this condition, his allegations fail to show that medical staff was deliberately indifferent. Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of deliberate indifference. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) ("At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither

---

official within the entity who can appropriately respond to injunctive relief." *Id.* (citing *L.A. Cnty. v. Humphries,* 562 U.S. 29, 36-3 (2010); *Hafer,* 502 U.S. at 25); *see also Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (the proper state defendant in a § 1983 action that seeks prospective injunctive relief is the person who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims") (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (prison warden was proper defendant for a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged conduct, because he would be responsible for ensuring that the injunctive relief was carried out)).

8

differences of opinion nor medical malpractice state an actionable Constitutional violation."); *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (stating that "an inmate's mere disagreement with the course of his medical treatment fails to state a claim of deliberate indifference").

### B. Fourteenth Amendment

The Supreme Court has held that an inmate "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper,* 494 U.S. 210, 221-22 (1990). However, the plaintiff's interest in refusing medication must be balanced against the state's legitimate and necessary interest in prison safety and security. *See Knight v. Hopkins*, No. 4:06CV3152, 2007 WL 4458939, at *8 (D. Neb. Dec. 14, 2007). This balancing test "permits the state to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is a danger to himself or others and the treatment is in the inmate's medical interest." *Harper*, 494 U.S. at 227. "Under *Harper,* forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992).

The *Harper* Court set forth four procedural protections that are the minimal constitutional requirements when a state involuntarily administers an antipsychotic drug to a prisoner: (1) notice; (2) the right to be present at an adversary hearing; (3) the right to present witnesses; and (4) the right to cross-examine witnesses. *Id.* at 235; *see Doby v. Hickerson,* 120 F.3d 111, 113 (8th Cir. 1997). A judicial hearing is not required; the hearing may be adjudicated by non-treating medical personnel. *Harper*, 494 U.S. at 231 ("Notwithstanding the risks that are involved, we conclude that an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge."). Nor does due process require the inmate to be represented by an attorney; an inmate's rights may be sufficiently protected by a lay adviser familiar with the psychiatric issues involved. *Id.* at 236. Plaintiff does not allege that he was denied any of these procedural protections.

The constitutional right to substantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them. *Norris v. Engles*, 494 F.3d 634, 637 (8th Cir. 2007). "Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 898 (8th Cir. 2020) (quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013) (emphasis in original)). Plaintiff's Complaint also fails to disclose any conscience-shocking behavior on the part of medical staff or others that would support a substantive due process claim.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and for that reason is subject to preservice dismissal. However, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint, which will also be reviewed under 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS THEREFORE ORDERED:

1. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint in compliance with this Memorandum and Order. **Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.**

2. The clerk of the court is directed to set the following pro se case management deadline: "December 14, 2020: check for amended complaint."

Dated this 13th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge